**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 9 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE RUBEN DE LOERA-LOPEZ, <br><br> Petitioner, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 23-548 <br><br> Agency No. <br> A216-143-130 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 5, 2025[**]
San Francisco, California

Before: RAWLINSON and SANCHEZ, Circuit Judges, and ROSENTHAL,
District Judge.[***]

Jose Ruben De Loera-Lopez, a native and citizen of Mexico, petitions for

review of a Board of Immigration Appeals ("BIA") decision affirming an

immigration judge's ("IJ") denial of his application for cancellation of

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Lee H. Rosenthal, United States District Judge for the Southern District of Texas, sitting by designation.

removal.  We have jurisdiction under 8 U.S.C. § 1252.  We deny the petition.

1.        The agency's determination of "exceptional and extremely unusual hardship" is reviewable under 8 U.S.C. § 1252(a)(2)(D) as a mixed question of law and fact.  *Wilkinson v. Garland*, 601 U.S. 209, 212 (2024); *Gonzalez-Juarez v. Bondi*, 137 F.4th 996, 1000 (9th Cir. 2025).  Because the "mixed question is primarily factual, [our] review is deferential."  *Wilkinson*, 601 U.S. at 225. We apply the substantial evidence standard to a hardship determination under 8 U.S.C. § 1229b(b)(1)(D) and "must uphold the agency determination unless the evidence compels a contrary conclusion."  *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019); *Gonzalez-Juarez*, 137 F.4th at 1002.  Where, as here, the BIA adopts specific findings of the IJ and adds its own reasoning, we review both decisions.  *Bhattarai v. Lynch*, 835 F.3d 1037, 1042 (9th Cir. 2016).[1]

De Loera-Lopez argues that the agency failed to consider all relevant hardship factors cumulatively.  The record belies his assertion.  The agency considered hardship factors such as the educational and financial needs, ages, and medical conditions of his qualifying relatives.  *See Cabrera-Alvarez v. Gonzales*,

---

[1] We review questions of law de novo. *Bhattarai*, 835 F.3d at 1042.  De Loera-Lopez contends that the BIA applied the incorrect legal standard to its review of the IJ's decision.  We disagree.  The BIA correctly applied "clearly erroneous" review to the IJ's factual findings and de novo review to all other issues. *Ridore v. Holder*, 696 F.3d 907, 911 (9th Cir. 2012).

423 F.3d 1006, 1012 (9th Cir. 2005). It also considered evidence of De Loera-Lopez's family ties and employment opportunities in Mexico, as well as his qualifying relatives' level of Spanish proficiency.

2.      Substantial evidence supports the agency's determination that De Loera-Lopez's removal would not lead to "exceptional and extremely unusual hardship." Hardship must be "out of the ordinary and exceedingly uncommon," *Gonzalez-Juarez*, 137 F.4th at 1006, and must "substantially" exceed or differ from the normal difficulty of a family member's removal, *Wilkinson*, 601 U.S. at 222. As the agency found, De Loera-Lopez and his wife own land, maintain family ties, and believe that they will have employment opportunities in Mexico. While two of De Loera-Lopez's children suffer from asthma, De Loera-Lopez did not provide evidence that they would be unable to access medical treatment in Mexico. The record further shows that although De Loera-Lopez's qualifying relatives lack Spanish reading and writing skills, Spanish is regularly spoken in their home. Removal would cause difficulty for De Loera-Lopez and his qualifying relatives, but under our deferential standard of review, *id.* at 225, the evidence does not compel a conclusion contrary to the agency's determination.

**PETITION DENIED.**[2]

---

[2] The stay of removal will remain in place until the mandate issues. The motion for stay of removal (Dkt. #2) is otherwise denied.